UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB BLAIN,

Plaintiff,

v.

M. DONAHUE et al.,

Defendants.

Case No. 1:26-cv-85

Honorable Ray Kent

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.”).[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following ICF staff in their official capacities: Correctional Officer M. Donahue, Correctional Officer Unknown West, and Lieutenant Arther Ramirez. (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he alleges that on June 29, 2025, Plaintiff asked Defendant Donahue to get a “snake” for Plaintiff's toilet. (*Id.*, PageID.3.) A snake was provided to Plaintiff,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), “context matters” and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of “parties” and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of “the term ‘parties’ solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of ‘parties’ in other contexts”).

but it broke. (*Id.*) At some point, another snake was provided to Plaintiff, but that one did not work. (*Id.*) After that, Defendant Donahue and nonparty Correctional Officer Unknown Jenson put Plaintiff "in a cage"[2] in the staff office. (*Id.*) Defendant Donahue came into the office and told Plaintiff that he could get Plaintiff's toilet fixed "in the morning[.]" (*Id.*) When Plaintiff returned to his cell, he saw feces and urine in the toilet and "overflowing onto all over the floor." (*Id.* (phrasing in original retained).)

During the second shift, Defendant West came to Plaintiff's cell and Plaintiff requested that he be moved. (*Id.*) Defendant West rejected that request but provided Plaintiff with "some cleaning supplies." (*Id.*)

On July 2, 2025, nonparty Correctional Officer Unknown House came to Plaintiff's cell. (*Id.*) Plaintiff told nonparty House that he had been living in a cell without a working toilet for four days, and that "all the C/Os were refusing to move [him]." (*Id.*) Nonparty House "called a snake" for Plaintiff, and a "snake man" came and snaked Plaintiff's toilet. (*Id.*) That process caused feces and urine to spill onto the floor. (*Id.*) After that, nonparty Correctional Officer Neving and nonparty House told Plaintiff to pack his belongings because he was moving to a different cell. (*Id.*) Plaintiff alleges that during the time he was in the previous cell "with a nasty floor and a toilet with feces [and] urine in it," he got sick with an unspecified illness. (*Id.*)

Based on the foregoing allegations, Plaintiff raises Eighth Amendment conditions of confinement claims. Plaintiff seeks monetary damages.

---

[2] In this opinion, the Court corrects the capitalization and punctuation in quotations from Plaintiff's complaint.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

Plaintiff sues the named Defendants in their official capacities only. (Compl., ECF No. 1, PageID.2.)

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune from suit in the federal courts under the Eleventh Amendment, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g., Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Here, Plaintiff seeks monetary damages only. (Compl., ECF No. 1, PageID.4.) As noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g.*,

*Lapides*, 535 U.S. at 617. Similarly, Plaintiff may not seek monetary damages against the named Defendants in their official capacity. *See Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.").

Accordingly, Plaintiff's claims against the named Defendants in their official capacity will be dismissed for failure to state a claim.

Even setting aside the capacity issue and construing Plaintiff's complaint as raising claims against the named Defendants in their individual capacities, as explained below, Plaintiff's claims are subject to dismissal for failure to state a claim.

**B. Claims Against Defendant Ramirez**

Plaintiff names Defendant Ramirez as a Defendant in this matter. (Compl., ECF No. 1, PageID.2.) But Plaintiff's complaint contains no factual allegations regarding Defendant Ramirez. (*See id*., PageID.3.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against

those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries”).

Here, Plaintiff’s complaint does not contain any allegations regarding Defendant Ramirez. (*See* Compl., ECF No. 1, PageID.3.) The United States Court of Appeals for the Sixth Circuit “has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.” *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). And, “[s]ummary reference to a single, five-headed ‘Defendants’ does not support a reasonable inference that each Defendant is liable for retaliation.” *Boxill v. O’Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). Because Plaintiff’s complaint does not contain any allegations regarding Defendant Ramirez, Plaintiff’s complaint fails to allege facts that demonstrate what Defendant Ramirez did to violate Plaintiff’s constitutional rights.

To the extent that Plaintiff seeks to hold Defendant Ramirez liable due to his supervisory position, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep’t of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one’s subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee* [*v. Luttrell*], 199 F.3d [295,] 300 [(6th Cir. 1999)] (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993). Because Plaintiff's complaint contains no factual allegations regarding Defendant Ramirez, Plaintiff has failed to show that Defendant Ramirez "implicitly authorized, approved, or knowingly acquiesced" any of the conduct of other individuals alleged in Plaintiff's complaint. *See Peatross*, 818 F.3d at 242.

Accordingly, Plaintiff's claims against Defendant Ramirez will be dismissed for failure to state a claim.

### C. Eighth Amendment Conditions of Confinement Claim

Plaintiff alleges that for four days, his toilet did not work and his cell had "a nasty floor and a toilet with feces [and] urine in it." (Compl., ECF No. 1, PageID.3.) The Court construes these allegations as raising Eighth Amendment conditions of confinement claims.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal

civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial

risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Here, Plaintiff alleges that he was in a cell for four days without a working toilet and with urine and feces on the floor. In prior cases, this Court has held that allegations that a Plaintiff was "required to stay in a cell where his toilet was overflowing with feces and urine for a period of seventy-two hours . . . could be construed as constituting a deprivation of essential sanitation." *Taggert v. Johnson*, 2:23-cv-243, 2024 WL 1340555, at *6 (W.D. Mich Mar 29, 2024); *see also Strong v. Unknown Party*, 1:24-cv-528, 2024 WL 3517618, at *4 (W.D. Mich Jul. 24, 2024). Taking Plaintiff's factual allegations as true and in the light most favorable to him, Plaintiff's allegation that he was in a cell for four days without a working toilet and with urine and feces on the floor is sufficient to show that he was deprived of essential sanitation under the objective prong of the deliberate indifference standard. *See Rhodes*, 452 U.S. at 348; *Farmer*, 511 U.S. at 834. However, Plaintiff must also allege facts to show that the named Defendants knew of and disregarded an excessive risk to Plaintiff's health under the subjective prong of the deliberate indifference standard. *See Farmer*, 511 U.S. at 837. Analysis of the subjective prong requires the Court to consider the specific actions of the named Defendants.

**1. Claim Against Defendant Donahue**

Plaintiff alleges that on June 29, 2025, he asked Defendant Donahue to give him a snake for his toilet. (Compl., ECF No. 1, PageID.3.) Although not explicitly stated, it appears that Defendant Donahue was responsive to Plaintiff's request because Plaintiff acknowledges that a snake "arrived[.]" (*Id.*) And when the first snake broke, another snake was later provided to Plaintiff, even though Plaintiff alleges that the second snake did not work. (*Id.*) The only other allegation regarding Defendant Donahue is that he told Plaintiff that he could fix Plaintiff's toilet "in the morning." (*Id.*)

Plaintiff's allegations suggest that Defendant Donahue was responsive to Plaintiff's requests regarding his toilet. Plaintiff's complaint indicates that when Plaintiff asked Defendant Donahue for a snake for his toilet, one was provided. (*Id.*) And when that first snake broke, a second snake was provided to Plaintiff. (*Id.*) The fact that these steps were ultimately unsuccessful does not mean that Defendant Donahue was deliberately indifferent to Plaintiff's request and the risk posed by Plaintiff's toilet. *See id.*

Plaintiff alleges that Defendant Donahue also told Plaintiff that he could "get [Plaintiff's] toilet in the morning to get it fixed," to which Plaintiff responded, "ok." (*Id.*) According to Plaintiff's complaint, at the time of this conversation, Plaintiff had not yet "observed feces & urine in the toilet and overflowing . . . all over the floor." (*Id.*) Therefore, Plaintiff's complaint does not suggest that Defendant Donahue had any knowledge that waiting until "the morning," an unspecified amount of time after that conversation, to address Plaintiff's toilet posed an excessive risk to Plaintiff's health. Moreover, there is no indication in Plaintiff's complaint whether Defendant Donahue attempted to fix Plaintiff's toilet in "the morning." The fact that Plaintiff's toilet remained inoperable for four days suggests that, if Defendant Donahue attempted to fix Plaintiff's toilet, that attempt was unsuccessful. But without specific allegations regarding the actions Defendant Donahue did, or did not, take to follow up on this situation, Plaintiff has not shown that Defendant Donahue was deliberately indifferent to the risk to Plaintiff's health posed by the inoperable toilet. Additionally, although Plaintiff alleges that his toilet did not work for four days, Plaintiff's allegations do not indicate that Defendant Donahue was aware that Plaintiff's toilet remained inoperable after June 29, 2025.

Furthermore, Plaintiff's complaint does not indicate that Defendant Donahue was aware that there was feces and urine on the floor of Plaintiff's cell. Plaintiff alleges that he saw feces and

urine overflowing from the toilet and onto the floor of his cell after he left Defendant Donahue in the staff office. (*Id.*) There is no indication in Plaintiff's complaint that Defendant Donahue was ever aware that there was feces and urine on the floor of Plaintiff's cell. Without such knowledge, Defendant Donahue cannot be held liable for the allegedly unsanitary conditions on the floor of Plaintiff's cell. *See Farmer*, 511 U.S. at 837.

In addition to the allegations regarding Defendant Donahue, Plaintiff also alleges facts regarding individuals who are not named as Defendants in this matter. Plaintiff alleges that on July 2, he told nonparty Correctional Officer House that Plaintiff had been living in a cell for four days with a toilet that was not working "and all the C/Os were refusing to move [him.]" (Compl., ECF No. 1, PageID.3.) This allegation regarding the actions of unidentified correctional officers is insufficient to show that Defendant Donahue was aware that the problem with Plaintiff's toilet was ongoing. *See Boxill*, 935 F.3d at 518. Therefore, Plaintiff's allegations regarding the unidentified correctional officers provide no support for his claim against Defendant Donahue.

Based on Plaintiff's allegations, he has failed to show that Defendant Donahue knew of and disregarded an excessive risk to Plaintiff's health. Under these circumstances, Plaintiff failed to show that Defendant Donahue was deliberately indifferent to an excessive risk to Plaintiff's health. *See Farmer*, 511 U.S. at 837.

Accordingly, Plaintiff's complaint fails to state an Eighth Amendment conditions of confinement claim against Defendant Donahue, and the Court will dismiss that claim.

**2. Claim Against Defendant West**

Plaintiff alleges that on June 29, 2025, he asked Defendant West to move him, and that Defendant West refused. (Compl., ECF No. 1, PageID.3.) Although he rejected Plaintiff's request to be moved, Defendant West then provided Plaintiff with "some cleaning supplies." (*Id.*)

As an initial matter, there are no allegations in Plaintiff's complaint that indicate that Defendant West was aware that Plaintiff's toilet was not working. Plaintiff only alleges that he "told [Defendant West] to move" him, but Plaintiff does not allege that he informed Defendant West that his toilet was not working. (*Id.*) Although Plaintiff alleges that Defendant West later provided Plaintiff cleaning supplies for the unsanitary conditions in Plaintiff's cell, Plaintiff never alleges that Defendant West knew the reason that Plaintiff needed the cleaning supplies. With no allegation to suggest that Defendant West knew that Plaintiff's toilet was not working, Plaintiff has not shown that Defendant West knew of, and disregarded, a substantial risk to Plaintiff's health caused by a nonfunctioning toilet, when he did not move Plaintiff. *See Farmer*, 511 U.S. at 837.

Additionally, Plaintiff's complaint does not show that Defendant West was deliberately indifferent to the unsanitary conditions of Plaintiff's cell. Plaintiff alleges that after Defendant West rejected Plaintiff's request to be moved, Defendant West provided Plaintiff with "some cleaning supplies." (*Id.*) This occurred during the "second shift" on June 29, 2025, the same day that Plaintiff initially raised concerns about his toilet. (*Id.*) These allegations show that Defendant West was responsive to the allegedly unsanitary conditions of Plaintiff's cell and provided Plaintiff with "cleaning supplies" to mitigate those conditions. Plaintiff does not identify the cleaning supplies that Defendant West provided and does not allege that these cleaning supplies were insufficient to remedy the conditions on the floor of Plaintiff's cell on June 29, 2025.

Because Plaintiff's allegations show that Defendant West was responsive to the allegedly unsanitary conditions on the floor of Plaintiff's cell on June 29, 2025, Plaintiff has failed to show that Defendant West knew of and disregarded an excessive risk to Plaintiff's health on that date. Additionally, Plaintiff does not allege that Defendant West had any involvement in, or knowledge

of, Plaintiff's continued confinement in the cell after Defendant West provided the cleaning supplies to Plaintiff on June 29, 2025.

Furthermore, as discussed previously in the context of the claim against Defendant Donahue, Plaintiff's allegation that unidentified correctional officers had refused to move Plaintiff to a different cell for four days provides no support for Plaintiff's claim against Defendant West. (*See* Compl., ECF No. 1, PageID.3.) These allegations do not indicate that Defendant West was among the unidentified correctional officers and do not indicate that Defendant West specifically was aware that Plaintiff had a problem with his toilet that was ongoing. *See Boxill*, 935 F.3d at 518.

Accordingly, Plaintiff has failed to state an Eighth Amendment conditions of confinement claim against Defendant West, and the Court will dismiss that claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: August 21, 2026

/s/ Ray Kent
Ray Kent
United States Magistrate Judge